IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jeremiah Johnson, | : | |
| | : | Case No. 1:25-cv-642 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| LeCI Medical Department, *et al.*, | : | Recommendation and Dismissing |
| | : | Amended Complaint |
| Defendants. | : | |

Plaintiff Jeremiah Johnson, an inmate at the Lebanon Correctional Institution (LeCI), has filed an Amended Complaint against Defendants LeCI Medical Department and Nurse Ashley, a nurse at LeCI, for cruel and unusual punishment.  (Doc. 5.)  Magistrate Judge Karen L. Litkovitz issued a Report and Recommendation on December 29, 2025 recommending that the Court dismiss the Amended Complaint.  (Doc. 7.)  Johnson did not file objections to the Report and Recommendation.

I.

Federal Rule of Civil Procedure 72(b)(1) authorizes magistrate judges to make recommendations concerning dispositive pretrial matters that have been referred to them.  A district court need not independently review a report and recommendation to which no objection is made.  *See Thomas v. Arn*, 474 U.S. 140, 152 (1985).  But some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error.  *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011).

## II.

Johnson is proceeding *pro se*—without the representation of counsel—and *in forma pauperis*—without the payment of filing fees. (Doc. 2.) District courts must dismiss an *in forma pauperis* complaint if the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Denton v. Hernandez,* 504 U.S. 25, 31–32 (1992). District courts must *sua sponte* review prisoner complaints seeking redress from a government entity or officer under the same standards. 28 U.S.C. § 1915A. A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (stating that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under § 1915(e)(2)(B)(ii)).

## III.

In the Amended Complaint, Johnson alleged that Nurse Ashley "neglected" to place a refill order for his blood pressure medicine and that he became ill as a result. (Doc. 5 at PageID 52–53.) He asserted that her actions amounted to cruel and unusual punishment, presumably intending to state an Eighth Amendment claim for deliberate indifference under 42 U.S.C. § 1983. (*Id.* at PageID53.) The Magistrate Judge reviewed the Amended Complaint *sua sponte* under §§ 1915(e)(2)(B) and 1915A. (Doc. 7 at PageID 61–62.) She recommended that Johnson's claims against the LeCI Medical Department and Nurse Ashley be dismissed with

prejudice because the LeCI Medical Department is not a *sui generis* entity capable of being sued and Nurse Ashley cannot be held liable for violating the Eighth Amendment if her actions were merely negligent. (*Id.* at PageID 63, 65–66.) The Magistrate Judge also recommended declining to exercise supplemental jurisdiction over any state law negligence claim Johnson intended to plead. (*Id.* at PageID 66.) Finally, she recommended dismissing without prejudice any claim Johnson intended to plead against two other LeCI officials discussed in the Amended Complaint, because Johnson did not name the officials as defendants. (*Id.* at PageID 64, 66.) The Court finds no clear error in her analysis.

## IV.

Accordingly, the Report and Recommendation (Doc. 7) is **ADOPTED**. Johnson's Eighth Amendment claims against Defendant LeCI Medical Center and Nurse Ashley are **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over any purported state law negligence claims, and such claims are **DISMISSED WITHOUT PREJUDICE**. Any purported claims against LeCI officials not named as defendants in the Amended Complaint also are **DISMISSED WITHOUT PREJUDICE**.

The Court certifies under 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

3